OPINION of the Court, by
Judge Trimble.
The first error assigned is, that the judgment was erroneously rendered against Bruner, the appearance bail, for fifty-five dollars, the condition of the bail bond reciting that it was taken by virtue of a writ sued out for fifty-five dollars debt, &c.
The writ is for fifty-five dollars debt, and twenty' dollars damages. The sheriff returned on the writ, “ executed, and appearance bond taken, with Michael Bruner appearance bail.” The condition of the bail bond, correctly recites the writ in every particular, except the variance between the amount of the debt stated in the writ, and that mentioned in the recital of the bond ; and the question is, whether that variance is fatal. We are of opinion it is not. It was decided at the last term, (a) that the bail bond is to be considered as a part of the sheriff’s return ; and that if from the sheriff’s return and the recital in the bond taken together, it appears that the bond was taken in that suit, it is sufficient in point of description. It is no part ot the condition of a bail bond, that the defendant or bail shall pay the debt mentioned in the condition ; but the undertaking is that the defendant shall appear to the action. The sum *147 mentioned is therefore used only as a part of the description of the suit, or writ, by virtue of which it is taken ; and the bond would be good without it, if other sufficient description was given. If other sufficient description is used, and the sum is by mistake misreci-ted, it may be corrected by the other description, as well as any other misrecital.
bo!)d mn, apon mo-non of plaintiff. fendantmA bail,, RSSlsnth1I: *
The question is, does it appear to a common intent, that the bond was taken in this suit, (a) From the other recitals in the bond, and the sheriffs return that he had executed the writ, and taken a bail bond with Michael Bruner security, we think it sufficiently appears. We cannot presume it was taken without authority, or in any other suit. . _ .
. _ . The second error alleged is, that a credit of nine dollars is endorsed on the note, which is not taken notice ef in the judgment. This objection is deemed immaterial ; but even if the credit ought by law to have been given in the rendition of the judgment, we could not take notice of it, because the note is not by oyer or otherwise made part of the record.
This last observation will furnish an answer to the third error assigned, which is that the suit was brought before the debt was due. From the note which is copied in the transcript, of which we cannot take notice, it would appear to be so ; but from the note as set out in the declaration, which can only be regarded, it appears otherwise.
The fifth assignment of error, does not appear from the record to be true in fact ; but the fourth appears to be well, founded ; it is that the court erred in quashing, on the plaintiff’s motion, the replevy bond, and the execution upon which it was taken. They both appear to be regular,, and we can discover no ground for quashing them. It is, however, urged that even if the order or judgment of the court, is in that respect erroneous, we ought not to reverse it, because the defendant and his bail are not prejudiced thereby.. We cannot say that it might not tend to their prejudice,
It is therefore considered, that the judgment and proceedings aforesaid be affirmed; except the order or judgment quashing the replevy bond, and the execution upon which it was taken j and that the said judgment or order, quashing the said replevy bond and execution;, *148 shall be, and the same is hereby reversed, annulled, and set aside.

 Ralsten vs. Love and Bass Hard. 503,

 Palmer vs. M'Ginnis, Hard. 506.